MOORE v CARNEY

Docket No. 27374. Submitted April 6, 1978, at Detroit.—Decided July 5, 1978.

Marion Moore brought an action, as a minority shareholder of Woodhaven Fourth Corporation, against John R. Carney, Raymond W. Rebandt, and Patrick J. Keating, the directors of the corporation, and against the corporation itself, seeking dissolution of the corporation and to have her interest in the corporation bought out. It was the claim of plaintiff that the defendant directors were guilty of several acts or omissions in management which were oppressive and unjust toward plaintiff. The Wayne Circuit Court, George E. Bowles, J., entered a judgment ordering defendants Carney, Rebandt and Woodhaven Fourth Corporation to purchase the plaintiff's stock and awarding her attorney fees against the corporation only. The plaintiff appeals the trial court's denial of interest on the judgment from the date of filing the complaint and the deletion of defendant director Keating from the judgment. The defendants Carney and Rebandt cross-appeal, challenging the award of attorney fees. *Held:*

1. The judgment requiring the purchase of the plaintiff's stock was not a "money judgment" as that term is used in the statute regarding interest, but rather was a part of an equitable remedy. The denial of interest from the date of filing the complaint was proper.

2. The deletion of defendant Keating from the judgment was

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 703, 839 *et seq.*
    19 Am Jur 2d, Corporations §§ 528, 532.
[2] 4 Am Jur 2d, Appeal and Error § 493.
    5 Am Jur 2d, Appeal and Error §§ 703, 839 *et seq.*
[3, 4] 46 Am Jur 2d, Judgments § 1.
[4] 19 Am Jur 2d, Corporations § 587.
    45 Am Jur 2d, Interest § 60.
[5] 19 Am Jur 2d, Corporations § 571.
    59 Am Jur 2d, Parties § 215.
[6] 19 Am Jur 2d, Corporations §§ 588–590.
    Attorneys' fees and other expenses incident to controversy respecting internal affairs of corporation as charge against the corporation. 39 ALR2d 580.

proper. It is clear from the record that the other directors were the individuals actively involved in the oppressive acts, and the plaintiff was not prejudiced by the deletion of the third director.

3. The trial court correctly found that the corporation benefited from the action, therefore the award of attorney fees was proper.

Affirmed.

1. EQUITY—APPEAL AND ERROR—CORPORATIONS—SHAREHOLDER'S DE-
RIVATIVE ACTION—DE NOVO REVIEW—CLEAR ERROR—COURT
RULES.

A shareholder's derivative action, being equitable in nature, is reviewed *de novo* by the Court of Appeals; however, factual determinations made by a trial court sitting without a jury will not be set aside unless clearly erroneous (GCR 1963, 517.1).

2. APPEAL AND ERROR—CLEAR ERROR—CONVICTION OF MISTAKE.

A finding of a lower court is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed after reviewing the entire record, although there is evidence to support the finding.

3. JUDGMENT—MONEY JUDGMENT—DEFINITION.

A "money judgment" is one which adjudges the payment of a sum of money, as distinguished from one directing an act to be done or property to be restored or transferred.

4. CORPORATIONS—JUDGMENT—MONEY JUDGMENT—PURCHASE OF
STOCK—INTEREST ON JUDGMENT—STATUTES.

A judgment which required some of the defendant directors of a corporation to purchase the stock of a plaintiff minority shareholder upon a finding of several acts of mismanagement which were unjust and oppressive toward the plaintiff was not merely a "money judgment" as that term is used in the statute regarding interest on judgments, but rather was a part of an equitable remedy designed to save the corporation; therefore, the trial court properly refused to grant the plaintiff interest from the date of filing the complaint (MCL 600.6013; MSA 27A.6013).

5. CORPORATIONS—DIRECTORS—JUDGMENT—OPPRESSIVE ACTIONS.

A trial court properly deleted one of three corporate directors from a judgment ordering the other two to purchase the stock of a minority shareholder because of oppressive actions toward the shareholder where it is clear that the two directors were

the individuals actively involved in the oppressive acts, where it appears that the third director was a passive director, and where the plaintiff was not prejudiced by the deletion of the third director.

6. CORPORATIONS—JUDGMENT—ATTORNEY FEES—STATUTES—BENEFIT TO CORPORATION.

Attorney fees may be awarded in an action brought by a minority shareholder in the right of a corporation if successful and if the corporation is thus benefited by the suit; a trial court's finding that a corporation was benefited, where two of its directors were ordered to purchase the stock of the plaintiff minority shareholder but were denied payment to them of fees claimed by them for services to the corporation and where dissolution of the corporation was denied, was not improper and an award of attorney fees against the corporation was not an abuse of discretion (MCL 450.1493[1]; MSA 21.200[493] [1]).

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Jefferson F. Riddell),* for plaintiff.

*Alan J. Czekaj,* for defendants.

Before: M. J. KELLY, P. J., and D. E. HOLBROOK, JR. and BEASLEY, JJ.

M. J. KELLY, P. J. Plaintiff, Marion Moore, a person without experience in land development, became involved in a land speculation project with Roy Short. Eventually, several corporations were formed, including defendant Woodhaven Fourth Corporation. Defendants John R. Carney, Raymond W. Rebandt, and Patrick J. Keating were not involved in the organization of the scheme.

Ownership of the corporation, however, ultimately came down to plaintiff Moore, and defendants Carney and Rebandt. Carney, Rebandt, and defendant Keating were the directors. Mrs. Moore brought this suit on behalf of herself as a minority shareholder against the individual directors and the corporation. The trial court found that ten

specific acts (or omissions) of mismanagement had occurred, and that the acts of the defendants were oppressive and unjust toward minority shareholder Moore. Final judgment was entered in January, 1976, ordering defendants Carney, Rebandt and Woodhaven Fourth Corporation (but excluding defendant Keating) to purchase Mrs. Moore's stock for $55,000 plus $1,759 costs. Attorney fees of $17,000 were awarded to Mrs. Moore against the corporation only.

Plaintiff filed a claim of appeal on January 29, 1976. A motion for partial new trial was made and denied. After a delay in getting transcripts, a claim of cross-appeal was filed by defendants in November, 1977.

Since none of the parties dispute the trial court's findings regarding the oppressive and unjust acts of the defendants toward Mrs. Moore, and no issue is raised concerning this aspect of the suit, a review of the underlying facts is unnecessary for disposition of this appeal.

This suit was brought in equity by the plaintiff on behalf of herself as a minority shareholder. It also had some aspects of a shareholder derivative suit, relief sought was dissolution of the corporation and to have plaintiff's interest bought out. We review such an action *de novo.*

"A shareholder's derivative action, being equitable in nature, is reviewed *de novo* in this Court. See *Dozier v Automobile Club of Michigan,* 69 Mich App 114; 244 NW2d 376 (1976). However the *de novo* review of equity cases must be reconciled with the mandate of GCR 1963, 517.1 which states that factual determinations made by a trial court sitting without a jury will not be set aside unless clearly erroneous. In *Ford v Howard,* 59 Mich App 548, 552; 229 NW2d 841 (1975), this Court explained:

'It is well-settled in Michigan that although chancery cases are reviewed *de novo,* this Court does not reverse or modify unless convinced that it would reach a different result had it occupied the position of the trial court. * * * [Citations omitted.]

'It is also true that, whether the action is in law or equity, principal regard must be given to the special opportunity of the trial court to judge the credibility of witnesses, and findings of fact will not be set aside unless they are clearly erroneous. [GCR 1963, 517.1.] * * * [Citations omitted.]'

"A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed after reviewing the entire record, although there is evidence to support the finding. *Tuttle v Department of State Highways,* 397 Mich 44; 243 NW2d 244 (1976)." *Mazur v Blendea,* 74 Mich App 467, 469; 253 NW2d 801 (1977). See also *Barnett v International Tennis Corp,* 80 Mich App 396, 403–404; 263 NW2d 908 (1978).

Appellant raises two issues, one concerning the trial court's denial of interest on the judgment from the date of filing the complaint, and second the propriety of the trial court's deletion of the third director, Mr Keating, from the judgment. Defendants, on cross-appeal, challenge the propriety of the trial court's award of attorney fees against the defendant corporation. A review of the record and briefs has not convinced us that reversible error occurred. We affirm.

The applicability of the interest statute, MCL 600.6013; MSA 27A.6013, was asserted by plaintiff on the date of entry of the final judgment below and was decided by the trial judge in defendants' favor. The statute provides:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of

6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date of written offer of settlement is made."

The primary question is whether plaintiff's judgment constituted a "money judgment", thus necessitating that interest be awarded from the date of filing the complaint.

A "money judgment" is defined in Black's Law Dictionary (4th ed), p 980, as:

"One which adjudges the payment of a sum of money, as distinguished from one directing an act to be done or property to be restored or transferred."

The dictionary cites a Federal case from Michigan, *Fuller v Aylesworth,* 75 F 694 (CA 6, 1896).

The trial court has a great deal of discretion and flexibility under the Michigan Business Corporation Act to effect a remedy in a shareholder's action. MCL 450.1825; MSA 21.200(825). Here, the trial court expressly denied dissolution as a proper remedy on the facts, finding it to be too harsh. MCL 450.1825(1); MSA 21.200(825)(1). The court relied on MCL 450.1825(2)(d); MSA 21.200(825)(2)(d), which provides:

"In an action filed by a shareholder to dissolve the

corporation on a ground enumerated in subsection (1), the circuit court upon establishment of such ground may make such order or grant such relief, other than dissolution, as it deems appropriate, including, without limitation, an order providing for any of the following:

\* \* \*

(d) Purchase at their fair value of shares of a shareholder, either by the corporation or by the officers, directors or other shareholders responsible for the wrongful acts."

In his opinion, dated May 23, 1975, the learned trial judge encouraged the parties to agree upon an appraiser and a method and criteria for establishing the value of plaintiff's stock. Counsel stipulated to the value of $55,000 rather than go through an appraisal process with a third party. The stipulated agreement was entered as a final judgment by the trial court on January 9, 1976. Interest was to accrue from the date of judgment.

The trial court, in ruling on the plaintiff's motion for interest from the date of filing the complaint under the statute, noted that while the judgment involved money, it was not solely a "money judgment". It was essentially part of an equitable remedy. We agree. The judgment ordered defendants to restore Mrs. Moore to her position prior to the oppressive acts which began in 1969. It required defendants to purchase the stock from Mrs. Moore at the value of the stock in 1969. It is not a mere money judgment as that term is defined in Black's Law Dictionary, *supra.* The judge held:

"So, the way I look upon it, the money phase of the disposition was one of a number of alternative remedies upon the parties and the Court. The money award was only one phase of the whole of the dispute, which really was how to save the corporation, as I viewed it—how to

allow the remaining stockholders to go ahead and, hopefully, make a success of the venture; how to get the minority stockholder out, who was a dissident element —finding no reproach toward her—but, as a matter of fact, she became a dissenting and dissident element in the picture."

Furthermore, the trial court was informed that Mrs. Moore had been offered a buy-out in 1969 at a figure approximating the appraisal figure, and in the same amount that another equal shareholder was paid at the time. Mrs. Moore refused, demanding $100,000.

We agree that under all the facts presented the judgment given is not a "money judgment" as that term is used in the statute.

Plaintiff next argues that the trial court erred in deleting the third director, Mr. Keating, from the judgment, which required two of the three directors to purchase plaintiff's stock because of oppressive actions toward her.

After reviewing the entire record and the opinion of the trial court, it is clear that defendants Carney and Rebandt were the individuals actively involved in oppressive acts against Mrs. Moore. The record suggests that Keating was, in fact, a passive director. On this record, we are not convinced that we would reach a different result than the trial court, and are not left with a definite and firm conviction that a mistake has been committed. We also note that plaintiff does not claim that Mr. Carney and Dr. Rebandt are uncollectible, therefore, we fail to see any prejudice to the plaintiff because of the dismissal of Mr. Keating. If anyone is harmed, it would appear to be Mr. Carney and Dr. Rebandt, but they are silent.

Finally, defendants' cross-appeal contends that

the trial court erred in awarding attorney fees against the defendant corporation. Defendants argue that no real benefit inured to the corporation as a result of this suit, and that under the statute attorney fees are not to be awarded for recovery by an individual shareholder.

Under the statute, MCL 450.1493(1); MSA 21.200(493)(1), attorney fees may be awarded if an action "brought in the right of the corporation is successful" and the corporation is thus benefited by the suit. That section "does not apply to a judgment rendered for the benefit of an injured shareholder only and limited to a recovery of the loss or damage sustained by him". Defendants' argument here is that the judgment rendered is for the benefit of Mrs. Moore only and that the corporation did not benefit at all.

The trial court found a benefit to the corporation as a result of the successful action by plaintiff, noting that it "might be viewed as a negative benefit of a sort, but * * * a benefit nonetheless". Because of the successful prosecution of the suit, defendants Rebandt and Carney were denied fees for services charged the corporation of approximately $59,000. Also the judgment denied dissolution of the corporation which may be considered a benefit of sorts.

The request for attorney fees was supported by an office business entry printout, establishing a fee of $19,056.50 plus $3,250 in consultation fees. The trial court noted that the case was complex dealing with research on novel questions under a new statute. The fee of $17,000 is not unreasonable per se and we find no abuse of discretion in such an award.

Affirmed. Costs to defendants Carney and Rebandt only.