HARVEY v GERBER

Docket No. 86899. Submitted May 20, 1986, at Lansing. Decided July 22, 1986. Leave to appeal applied for.

Plaintiff, G. Jerome Harvey, filed suit in the Washtenaw Circuit Court against defendants, Marvin Gerber and Florence Gerber, alleging that defendants, owners of an apartment complex, had made improper claims against his security deposit in violation of the security deposit act and the Michigan Consumer Protection Act. The circuit court, Ross W. Campbell, J., granted summary judgment in favor of plaintiff, awarded a money judgment of $355, plus prejudgment interest at five percent and attorney fees of $805. Plaintiff subsequently moved for reconsideration and redetermination of attorney fees and requested additional attorney fees for bringing the motion for reconsideration. The circuit court increased the attorney fee award to $1,500, but denied plaintiff's requests for extra attorney fees relating to the motion for reconsideration and prejudgment interest on the attorney fee award. Plaintiff appealed. *Held:*

1. The objectives of the prejudgment interest statute, MCL 600.6013; MSA 27A.6013, are to compensate the prevailing party for the loss of use of monies owed and to defray the cost of litigation.

2. The costs incurred by a party relating to his attorney are sufficiently defrayed by an award of attorney fees as provided by an applicable statute, such as in this case the Michigan Consumer Protection Act, or court rule.

3. Applying the prejudgment interest statute to attorney fees would be illogical in light of the policies stated above.

4. The circuit court did not abuse its discretion in denying additional attorney fees relative to plaintiff's motion for recon-

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237-314.

Am Jur 2d, Interest and Usury §§ 59, 60, 73, 74, 96, 97.

Allowance of interest and award of attorney's fees under Section 706 (k) of Civil Rights Act of 1964 (42 USCS § 2000e-5(k)). 77 ALR Fed 272.

See also the annotations in the ALR3d/4th Quick Index under Prejudgment Interest.

sideration of the initial attorney fee award, and attorney fees on appeal were denied.

Affirmed.

1. INTEREST — PREJUDGMENT INTEREST.

Prejudgment interest is awarded by a court to compensate a prevailing party for the loss of use of monies owed and to defray the cost of litigation (MCL 600.6013[1]; MSA 27A.6013[1]).

2. COSTS — ATTORNEY FEES — INTEREST — PREJUDGMENT INTEREST — STATUTES — COURT RULES.

The costs incurred by a party relating to his attorney are sufficiently defrayed by an award of attorney fees, where an applicable statute or court rule provides for such an award; therefore, prejudgment interest may not be assessed on such award of attorney fees (MCL 600.6013; MSA 27A.6013).

*Gary M. Victor,* for plaintiff.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,* JJ.

PER CURIAM. Plaintiff filed suit against defendants, owners of apartment complexes in Washtenaw County, alleging that they made improper claims against his security deposit contrary to the landlord-tenant relationship act, MCL 554.601 *et seq.;* MSA 26.1138(1) *et seq.,* and the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.* The circuit court granted plaintiff's motion for summary judgment and awarded plaintiff a money judgment of $355, plus prejudgment interest at five percent, together with attorney fees of $805. Plaintiff subsequently moved for reconsideration and redetermination of attorney fees and also requested additional attorney fees for bringing the motion for reconsideration. The circuit court increased the attorney fee award to $1,500, but denied extra attorney fees

* Circuit judge, sitting on the Court of Appeals by assignment.

relating to the motion for reconsideration. Plaintiff appeals the denial of additional attorney fees for bringing the motion for reconsideration and the denial of prejudgment interest on attorney fees awarded. We affirm.

Plaintiff argues that the trial court should have awarded prejudgment interest under MCL 600.6013; MSA 27A.6013 on the attorney fee award. We disagree. The MCPA allows for the recovery of "reasonable attorneys' fees" in addition to damages. MCL 445.911(2); MSA 19.418(11)(2). The prejudgment interest statute provides that "interest shall be allowed on a money judgment." MCL 600.6013(1); MSA 27A.6013(1). The objectives of the prejudgment interest statute are to compensate the prevailing party for the loss of use of monies owed to defray the cost of litigation. *Osinski v Yowell,* 135 Mich App 279, 288; 354 NW2d 318 (1984). Attorney fees are taxable as costs. MCL 600.2405; MSA 27A.2405. Applying the prejudgment interest statute to attorney fees is illogical in light of these policies. Where a statute or court rule awards attorney fees, the cost is sufficiently defrayed. The cases under the no-fault act cited by plaintiff are inapplicable because under that act attorney fees are imposed only in limited circumstances to penalize recalcitrant insurers for unreasonably refusing to pay benefits. See *Liddell v DAIIE,* 102 Mich App 636; 302 NW2d 260 (1981), lv den 411 Mich 1079 (1981).

Plaintiff's argument that the trial court abused its discretion by denying plaintiff's request for attorney fees incurred in bringing his motion for reconsideration is also without merit. The trial court in a written opinion denied these extra attorney fees for the reason that the rehearing was necessitated by plaintiff's failure to present

the law and argument at the first hearing. Since appellant has not filed a transcript of the proceedings in the trial court as required under MCR 7.210(B)(1)(a), we have only the trial court's explanation before use for review. We cannot say that the trial court abused its discretion in denying additional attorney fees for the reason it gave.

Attorney fees on appeal are denied.

Affirmed.