BARBOUR v DEPARTMENT OF SOCIAL SERVICES
LUCAS v DEPARTMENT OF SOCIAL SERVICES
KILGORE v DEPARTMENT OF STATE POLICE
STEWART v DEPARTMENT OF STATE POLICE
LAPIDES v STATE JUDICIAL COUNCIL

Docket Nos. 98339, 98340, 100278, 100554, 100713. Submitted July 7, 1988, at Lansing. Decided October 17, 1988. Leave to appeal applied for.

Michael Barbour brought an action in the Wayne Circuit Court, John R. Kirwan, J., against his employer, the Department of Social Services, claiming a violation of the Civil Rights Act. Bobbie P. Lucas brought an action in the Wayne Circuit Court, John R. Kirwan, J., against his employer, the Department of Social Services, claiming a violation of the Michigan Handicappers' Civil Rights Act. Hubert Kilgore, III, brought an action in the Wayne Circuit Court, Richard P. Hathaway, J., against his employer, the Department of State Police, claiming a violation of the Civil Rights Act. Susan Stewart brought an action in the Bay Circuit Court, William J. Caprathe, J., against her employer, the Department of State Police, claiming a violation of the Civil Rights Act. Marilyn Lapides, an employee of the Wayne County Friend of the Court, brought an action in the Wayne Circuit Court, Harry J. Dingeman, Jr., J., against the State Judicial Council, claiming a violation of the Civil Rights Act. In all these cases defendants made motions to strike plaintiffs' demands for jury trials, which the trial courts denied. Defendants appealed by leave granted.

The Court of Appeals consolidated the appeals and *held:*

A plaintiff who brings an action against the State of Michigan under the Civil Rights Act or the Michigan Handicappers' Civil Rights Act has a right to a jury trial.

Affirmed.

REFERENCES

Am Jur 2d, Civil Rights § 411.

Am Jur 2d, Job Discrimination § 2220.

See the Index to Annotations under Equal Employment Opportunity; Jury and Jury Trial.

CIVIL RIGHTS — CIVIL RIGHTS ACT — HANDICAPPERS' CIVIL RIGHTS ACT — JURY TRIALS.
A plaintiff who brings an action against the State of Michigan under the Civil Rights Act or the Michigan Handicappers' Civil Rights Act has a right to a jury trial (Const 1963, art 1, § 14; MCL 37.1101 et seq.; 37.2101 et seq.; MSA 3.550[101] et seq., 3.548[101] et seq.).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Joseph A. Golden* and *Patrick Burkett*), for Michael Barbour and Hubert Kilgore, III.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for Bobbie P. Lucas and Marilyn Lapides.

*Lucetta Franco Selecky*, for Susan Stewart.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *George H. Weller*, Assistant Attorney General, for Department of Social Services in Docket Nos. 98339, 98340, Department of State Police in Docket No. 100554 and State Judicial Council in Docket No. 100713.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner*, Assistant Attorneys General, for Department of State Police in Docket No. 100278.

Before: BEASLEY, P.J., and SAWYER and T. J. FOLEY,* JJ.

BEASLEY, P.J. In these consolidated cases, we decide whether plaintiffs, with claims against the state under the Civil Rights Act[1] and the Michigan

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 37.2101 et seq.; MSA 3.548(101) et seq.

Handicappers' Civil Rights Act,[2] possess the right to jury trials.

Plaintiff Michael Barbour brought an action against defendant Michigan Department of Social Services under the Civil Rights Act, alleging that he was forced to take a medical leave of absence from his employment as a DSS foster care worker due to continuous sexual harassment by his co-workers and supervisors.

Plaintiff Bobbie P. Lucas brought an action against defendant DSS under the handicappers' act, claiming that he was forced to retire from his position as assistant payment supervisor by defendant's refusal to accommodate his physical inability to tolerate excessive ambient cigarette smoke levels at defendant's place of business.

Plaintiff Hubert Kilgore, III, brought an action against defendant Michigan Department of State Police under the Civil Rights Act, alleging that he was wrongfully discharged from his employment as a state police trooper in the state police training academy due to unlawful racial discrimination.

Plaintiff Susan Stewart brought an action against defendant state police department under the Civil Rights Act, alleging that, while employed in defendant's Motor Carrier Division, she was harassed and denied promotions and training opportunities because of her sex. Plaintiff Stewart also asserted that defendant had retaliated against her for complaining about sexual harassment and discrimination.

Plaintiff Marilyn Lapides brought an action against defendant State Judicial Council alleging sexual discrimination. Lapides claimed that, while she worked for the Wayne County Friend of the Court, defendant disciplined her for alleged mis-

[2] MCL 37.1101 et seq.; MSA 3.550(101) et seq.

conduct that was tolerated when committed by male employees.[3]

All five plaintiffs demanded jury trials. In each case, the trial court denied defendant's motion to strike plaintiff's jury demand. Defendants appeal by leave granted, arguing that trial by jury is not available in these actions.

In *Marsh v Civil Service Dep't,*[4] a panel of this Court addressed this issue and held that the right to a jury trial attaches to claims brought pursuant to both the Civil Rights Act and the Michigan Handicappers' Civil Rights Act. The parties argue at length about the precedential value of the *Marsh* decision; defendants contend that the Court's conclusion regarding the jury trial issue lacks the force of an adjudication because it was unnecessary to the opinion. We need not address this issue. Although published opinions of this Court bind lower courts,[5] other panels of this Court constitute courts of equal dignity and are not obligated to follow the decisions of previous panels. The issue surrounding the precedential value of *Marsh* becomes moot beyond the trial court level.

Both the Civil Rights Act and the handicappers' act impose the same duties upon state agencies as upon private employers.[6] Both civil rights acts also provide a plaintiff with direct access to the circuit

[3] Two other cases, *Russau v Michigan,* Docket No. 96870, and *Medina v Civil Service Comm,* Docket No. 98300, were originally consolidated as part of this appeal. Both cases were dismissed pursuant to stipulations.

[4] 142 Mich App 557, 569-570; 370 NW2d 613 (1985).

[5] *Hackett v Ferndale City Clerk,* 1 Mich App 6, 11; 133 NW2d 221 (1966).

[6] MCL 37.1103(e); MSA 3.550(103)(e), MCL 37.1201(b); MSA 3.550(201)(b), MCL 37.2103(f); MSA 3.548(103)(f), MCL 37.2201(a); MSA 3.548(201)(a).

court.[7] Neither act expressly provides a plaintiff with the right to a jury trial.[8]

In *King v General Motors Corp,*[9] the case upon which the *Marsh* panel relied,[10] defendant GMC appealed from a jury verdict won by plaintiff King on a Civil Rights Act claim. General Motors argued that King had no right to a jury trial. The Court disagreed, holding:

> While the Elliott-Larsen Civil Rights Act is silent on the right to a trial by jury, we find that jury trials are a litigant's right under the act. Const 1963, art 1, § 14. An employment discrimination action constitutes a suit for damages and is therefore an action at law which existed prior to the adoption of the Michigan Constitution in 1963.[11]

Here, defendants argue that the state's sovereign immunity distinguishes it from a private defendant. While General Motors may be subjected to a jury trial on a civil rights act claim, they argue that the state may not because it has not waived its immunity from jury trials.

Generally, the state and its agencies cannot be sued in its own courts unless, by an act of the Legislature, it confers jurisdiction upon the courts.[12] Defendants do not dispute that when the Legislature enacted MCL 37.1606; MSA 3.550(606) and MCL 37.2801; MSA 3.548(801), it conferred jurisdiction on the circuit court to decide civil

---

[7] MCL 37.1606; MSA 3.550(606), MCL 37.2801; MSA 3.548(801).

[8] *Smith v University of Detroit,* 145 Mich App 468, 475; 378 NW2d 511 (1985) (Civil Rights Act claim).

[9] 136 Mich App 301; 356 NW2d 626 (1984).

[10] *Marsh, supra,* p 570.

[11] *King, supra,* p 308.

[12] See *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 598; 363 NW2d 641 (1984), quoting *Michigan State Bank v Hastings,* 1 Doug 225, 236 (Mich, 1844).

rights act claims. Defendants, however, contend the Legislature's consent did not extend so far as to give plaintiffs the right to a jury trial. We disagree.

In most types of actions, the state cannot be tried in front of a jury because the Legislature requires those actions to be tried in the Court of Claims,[13] where cases are heard without a jury.[14] In *Freissler v State Highway Comm*,[15] this Court stated that the Legislature decided to hold nonjury trials in the Court of Claims after making "a legitimate determination that local jurors might not be as fiscally responsible in awarding state funds to successful plaintiffs as they would be in awarding local tax dollars to said plaintiffs."

While the same consideration might be valid in cases brought against the state in circuit court, the Legislature never reached such a conclusion. Had the Legislature intended all civil rights claims against the state to be tried without a jury, it would seem that it would have conferred jurisdiction over such suits upon the Court of Claims, not the circuit court.

Finally, defendants attempt to distinguish the within cases from *King, supra.* As stated earlier, the *King* Court held that jury trials are a litigant's right in Civil Rights Act claims because employment discrimination claims are actions at law which existed prior to the adoption of the state constitution. Defendants claim that no such right exists in suits against the state because no action against the state existed in the circuit court prior to the adoption of the Michigan Constitution of 1963. Const 1963, art 1, § 14 guarantees the right to jury trial in cases arising under statutes en-

---

[13] MCL 600.6419; MSA 27A.6419.

[14] MCL 600.6443; MSA 27A.6443.

[15] 53 Mich App 530, 538; 220 NW2d 141 (1974).

acted subsequent to adoption of the constitution which are similar in character to cases in which the right to jury trial existed prior to adoption of the state constitution.[16] We reject defendants' argument because it appears to ask us to make a distinction based on the character of a party, not the character of the action.

Affirmed.

[16] *Conservation Dep't v Brown*, 335 Mich 343; 55 NW2d 859 (1952).