GIANNETTI BROTHERS CONSTRUCTION COMPANY v CITY OF PONTIAC

DUKAY AIR LIMITED v MITSUBISHI AIRCRAFT INTERNATIONAL, INC

Docket Nos. 102835, 105175. Submitted December 13, 1988, at Detroit. Decided March 6, 1989. Leave to appeal applied for.

Giannetti Brothers Construction Company, Inc., brought an action in the Oakland Circuit Court against the City of Pontiac for breach of contract. The case was submitted to mediation and both parties rejected the award to plaintiff. After trial a judgment for defendant was entered which included costs and attorney fees. The Court of Appeals, in an unpublished opinion per curiam, affirmed the judgment, Docket No. 67711, decided April 15, 1984. The court then denied a request for costs as untimely. The Court of Appeals reversed, 152 Mich App 648 (1986), and the Supreme Court denied leave to appeal, 428 Mich 914 (1987). Defendant updated its request to include costs and attorney fees incurred on appeal. Both parties briefed the issues and the court, Robert C. Anderson, J., without a hearing entered an award but denied defendant appellate attorney fees, costs and a majority of the requested witness fees. Defendant appealed.

Dukay Air Limited brought an action in the Washtenaw Circuit Court against Mitsubishi Aircraft International, Inc., for breach of a commission agreement. Defendant counterclaimed. Plaintiff accepted but defendant rejected a mediation award for plaintiff of $186,608. At trial, the jury awarded plaintiff $260,000 on its claim and defendant $50,000 on its counterclaim. The court granted a judgment for plaintiff for $210,000 and a judgment for costs. Defendant appealed and the Court of Appeals affirmed in an unpublished opinion per curiam. Docket No. 78249, decided November 24, 1986. The Supreme Court denied leave to appeal, 428 Mich 914 (1987). The trial court, Edward D. Deake, J., denied plaintiff appellate attorney fees.

REFERENCES

Am Jur 2d, Costs §§ 53-55; Damages § 648.

Treatment of interest on judgment or award, in determining attorney's contingent fee. 82 ALR2d 953.

Plaintiff appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. Postjudgment appellate attorney fees do not fall within the realm of mediation sanctions available under the court rules. The courts properly denied them.

2. Interest on an award of costs and attorney fees is not proper and the court properly denied the city's request for such interest.

3. The court did not abuse its discretion in denying in part the city's request for witness fees and in doing so without a hearing.

Affirmed.

1. TRIAL — MEDIATION — APPEAL — SANCTIONS — COURT RULES.

The mediation sanctions provided for in MCR 2.403(O) apply only through final judgment at trial court level; sanctions for appellate expenses are set forth in MCR 7.216(C), but the rule does not provide for mediation sanctions for appellate activities.

2. COSTS — ATTORNEY FEES — INTEREST — PREJUDGMENT INTEREST — STATUTES — COURT RULES.

The costs incurred by a party relating to his attorney are sufficiently defrayed by an award of attorney fees, where an applicable statute or court rule provides for such an award; therefore, prejudgment interest may not be assessed on such award of attorney fees (MCL 600.6013; MSA 27A.6013).

3. COSTS — WITNESS FEES — BURDEN OF PROOF — EVIDENTIARY HEARINGS.

A party seeking an award of witness fees bears the burden of proving them, however, the court does not abuse its discretion in making an award based on the record and briefs, without an evidentiary hearing.

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *J. Leonard Hyman* and *Eric J. Flessland*), for Giannetti Brothers Construction Company.

*Simon, Deitch, Tucker & Friedman* (by *Donald F. Tucker* and *A. William Rolf*), for City of Pontiac.

*Brimacombe, Ward, Hopper & Sorini, P.C.* (by *Mark A. Hopper*), for Dukay Air Limited.

*Plunkett & Cooney, P.C.* (by *John P. Jacobs* and *Robert G. Kamenec*), for Mitsubishi Aircraft International, Inc.

Before: BEASLEY, P.J., and GILLIS and J. T. HAMMOND,* JJ.

BEASLEY, P.J. In these consolidated cases, we consider whether mediation sanctions under GCR 1963, 316.7 and 316.8, now MCR 2.403(O), may properly include (a) postjudgment appellate attorney fees or (b) interest on costs and attorney fees and whether the trial court erred in denying, in part, defendant Pontiac's request for expert witness fees. For the reasons stated below, we hold that they may not and it did not.

### I. FACTS

#### A. *GIANNETTI v PONTIAC*

In 1977, plaintiff Giannetti Brothers Construction Company, Inc., brought a breach of contract suit against defendant, City of Pontiac. The case was submitted to mediation in 1980. Both parties rejected the mediation award of $350,000 to plaintiff. On October 13, 1982, following a bench trial, the trial court found no cause of action for plaintiff and entered judgment in favor of defendant, awarding defendant "costs and attorney fees as provided by law." Plaintiff appealed from the judgment and, on April 5, 1984, this Court affirmed.[1]

On June 8, 1984, defendant moved for approval of its bill of costs, totalling $101,340.04. On June 22, 1984, defendant amended its bill of costs to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Giannetti Brothers Construction Co v Pontiac,* unpublished opinion per curiam of the Court of Appeals, decided April 5, 1984 (Docket No. 67711).

request a total of $125,333.29. The trial court denied defendant's motion for costs as untimely. Defendant appealed and this Court reversed the trial court's denial of defendant's motion for actual costs and remanded for a determination of actual costs.[2] The Michigan Supreme Court then denied plaintiff leave to appeal.[3]

In preparation for a hearing before the trial court, defendant up-dated its documents to include additional costs and attorney fees incurred on appeal. Both parties submitted briefs at the request of the trial court. On July 6, 1987, the trial court wrote to the parties, stating that an evidentiary hearing was not needed and denying defendant's request for appellate attorney fees, interest, and the majority of the requested expert witness fees. On August 5, 1987, an order was entered by which defendant was awarded a total of $54,621.27. Defendant appeals as of right.

### B. DUKAY v MITSUBISHI

In 1982, plaintiff Dukay Air Limited brought suit against defendant, Mitsubishi Aircraft International, Inc., for breach of a commission agreement. Defendant counterclaimed. The case was submitted to mediation in 1983. Plaintiff accepted, but defendant rejected, an award of $186,608 in favor of plaintiff. Following trial, the jury awarded plaintiff $260,000 on its claim and awarded $50,000 to defendant on the counterclaim. On December 9, 1983, the trial court offset the verdicts and entered a judgment of $210,000 in favor of plaintiff.

On December 19, 1983, plaintiff moved for costs

---

[2] *Giannetti Brothers Construction Co, Inc v Pontiac,* 152 Mich App 648; 394 NW2d 59 (1986).

[3] 426 Mich 869 (1986).

and attorney fees. Defendant then filed several postjudgment motions requesting a new trial, judgment notwithstanding the verdict, or amendment of the judgment. The trial court denied defendant's motions and awarded plaintiff costs of $26,669.38.

Defendant appealed from the December 9, 1983, judgment. This Court affirmed.[4] On February 6, 1986, this Court denied defendant's motion for rehearing and, on July 27, 1987, the Michigan Supreme Court denied defendant leave to appeal.[5]

Meanwhile, on January 13, 1987, plaintiff moved the trial court to award it appellate attorney fees. The trial court denied the motion. Plaintiff appeals from the denial by leave granted February 10, 1988.

## II. ANALYSIS

As a general rule, attorney fees are not recoverable, either as an element of costs or as an item of damages, unless allowance of a fee is expressly authorized by statute or court rule.[6] Pontiac's motion for award of appellate fees was brought pursuant to GCR 1963, 316.7 and 316.8. Dukay's motion for award of appellate fees was brought pursuant to MCR 2.403. Both GCR 1963, 316.7 and MCR 2.403(O) state that, in certain situations, a party who rejects a mediation evaluation will be called upon to pay the opposing party's "actual costs." Both GCR 1963, 316.8 and MCR 2.403(O)(3)[7] define actual costs as including

---

[4] *Dukay Air Ltd v Mitsubishi Aircraft International, Inc,* unpublished opinion per curiam of the Court of Appeals, decided November 24, 1986 (Docket No. 78249).

[5] 428 Mich 914 (1987).

[6] *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986); *Baumgardner v Balmer,* 157 Mich App 159, 160; 403 NW2d 525 (1987).

[7] Now MCR 2.403(O)(6).

those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the . . . evaluation.

The issue before us is whether "actual costs" under the rules include postjudgment appellate attorney fees. Recently, this Court faced the question and answered it in the negative. In *American Casualty Co v Costello*,[8] we stated:

Defendants argue that mediation sanctions apply to appellate activities. We disagree.

We believe that the mediation sanctions provided for in MCR 2.403(O) are only intended to apply through final judgment at the trial court level. The trial court in this case has awarded actual expenses for trial activities as a mediation sanction pursuant to MCR 2.403(O). Sanctions for appellate expenses are specifically set forth in MCR 7.216(C). Said rule does not provide for mediation sanctions for appellate activities. See, e.g., *Fisher v Detroit Free Press, Inc*, 158 Mich App 409, 416-419; 404 NW2d 765 (1987) [lv den 428 Mich 914 (1987), reconsid den 429 Mich 882 (1987)].

While we are not bound by decisions rendered by other panels of this Court,[9] we are persuaded that *American Casualty* represents the correct view. Postjudgment appellate attorney fees do not fall within the realm of mediation sanctions awardable under the court rules. Accordingly, neither trial court abused its discretion in denying them.[10]

Defendant Pontiac also claimed interest on all

[8] 174 Mich App 1, 13; 435 NW2d 760 (1989).

[9] *Barbour v DSS*, 172 Mich App 275, 278; 431 NW2d 482 (1988).

[10] We apply like reasoning to defendant Pontiac's ancillary miscellaneous claims for *postjudgment* expenses.

actual costs and attorney fees under MCL 600.6013; MSA 27A.6013. We note that there is an apparent conflict among panels of this Court on the availability of such interest. In *Harvey v Gerber*,[11] this Court rejected a claim for interest, under MCL 600.6013; MSA 27A.6013, on taxable attorney fees, stating:

> The prejudgment interest statute provides that "interest shall be allowed on a money judgment." MCL 600.6013(1); MSA 27A.6013(1). The objectives of the prejudgment interest statute are to compensate the prevailing party for the loss of use of monies owed to defray the cost of litigation. *Osinski v Yowell*, 135 Mich App 279, 288; 354 NW2d 318 (1984). Attorney fees are taxable as costs. MCL 600.2405; MSA 27A.2405. Applying the prejudgment interest statute to attorney fees is illogical in light of these policies. Where a statute or court rule awards attorney fees, the cost is sufficiently defrayed.

The same result was reached in *City of Warren v Dannis*,[12] wherein this Court held:

> A money judgment is one which adjudges the payment of a sum of money as distinguished from directing an act to be done. *Oliver v Dep't of State Police*, 132 Mich App 558; 349 NW2d 211 (1984); *Moore v Carney*, 84 Mich App 399; 269 NW2d 614 (1978). This type of action for indemnification [of attorney fees] has been characterized as an equitable action for reimbursement. . . . It was not an abuse of discretion for the trial court to find that the defendant really lost no use of the money as basically it was money due her attorneys for their

---

[11] 153 Mich App 528, 530; 396 NW2d 470 (1986), lv den 428 Mich 881 (1987).

[12] 136 Mich App 651, 662-663; 357 NW2d 731 (1984), lv den 422 Mich 932 (1985).

fees and not money due the defendant. [Citations omitted.][13]

On the other hand, in *The Wayne-Oakland Bank v Brown Valley Farms, Inc,*[14] the Court declined to follow *Harvey* and *Dannis, supra,* and found no abuse of discretion in the trial court's award of interest on costs and attorney fees.

We elect to follow the reasoning of *Harvey* and *Dannis*. Interest, under MCL 600.6013; MSA 27A.6013, may not be granted on an award of costs and attorney fees. Accordingly, we find no abuse of discretion in the trial court's denial of Pontiac's claim for interest.

Finally, Pontiac also requested an award for expert witness fees prior to mediation of $23,125.25, after mediation through trial of $48,802.70, as well as certain postjudgment expert witness fees. The trial court awarded $10,844.27. Pontiac claims that it has no clue as to the basis on which the claimed expert witness fees were allowed or denied and that it was error for the trial court to refuse an evidentiary hearing on the issue. We disagree. While it is true that the trial court did not expressly state which expert witness fees had been disallowed, we think it of some significance that the figure awarded ($10,844.27) was, apparently, precisely the figure proposed by plaintiff Giannetti in its brief to the trial court.

Pontiac bore the burden of proving its fees and

---

[13] See also *Moore v Carney,* 84 Mich App 399; 269 NW2d 614 (1978) (trial court order compelling defendant corporation to repurchase plaintiff stockholder's shares was not a "money judgment" upon which interest could be awarded under MCL 600.6013; MSA 27A.6013, but rather was essentially an equitable remedy placing the plaintiff in statu quo; while the judgment involved money, it was not a "money judgment").

[14] 170 Mich App 16, 22-23; 428 NW2d 13 (1988).

costs.[15] Giannetti challenged portions of the costs submitted. After considering the briefs of both parties, the trial court, in the exercise of its discretion, sided with Giannetti and disallowed the bulk of Pontiac's claimed expert witness fees. In view of the parties' briefing of the issue, the voluminous record before the trial court, and the trial court's familiarity with the circumstances of the case, we find no abuse of discretion in the trial court's limited award of expert witness fees nor in its having made the award without having held an evidentiary hearing on the matter.[16] The issue of costs in this matter had been before the trial court off and on for nearly three years. The cost issues were extensively briefed by both parties. We do not view as unreasonable the trial court's unwillingness to needlessly drag this case out any longer.

### III. CONCLUSION

Postjudgment appellate attorney fees do not fall within the realm of mediation sanctions available under the court rules, GCR 1963, 316.7 and 316.8 and MCR 2.403(O). There was no abuse of discretion in rejecting plaintiff Dukay's and defendant Pontiac's respective requests for such fees.

Interest, under MCL 600.6013; MSA 27A.6013, could not properly have been granted on the award of costs and attorney fees. There was no abuse of discretion in rejecting defendant Pontiac's request for such interest.

The trial court did not abuse its discretion in

---

[15] See *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 33; 335 NW2d 710 (1983) (regarding attorney fees).

[16] We distinguish *Petterman, supra,* wherein we remanded for an evidentiary hearing as to the reasonableness of the attorney fee sought since, in that case, the trial court had failed to give due consideration to the opposing party's challenge to the reasonableness of the figure.

rejecting, in part, defendant Pontiac's request for expert witness fees nor in its having done so without conducting an additional evidentiary hearing on the matter.

Affirmed.