**HARVEY A. BABCOCK, Plaintiff**

v.

**VICTOR A. GOLD, Defendant**

Civil No. 1990-30

District Court of the Virgin Islands
Div. of St. Croix

August 20, 1990

LEE J. ROHN, ESQ., Christiansted, V.I., *for plaintiff*

RUSSELL B. JOHNSON, ESQ., Christiansted, V.I., *for defendant*

BROTMAN, *Acting Chief Judge*

## MEMORANDUM

Before the court is plaintiff's motion for summary judgment to recover on a Judgment entered in the state of Michigan. For the following reasons, the court will grant plaintiff's motion.

## I. FACTS AND PROCEDURE

Plaintiff seeks to recover on a May 23, 1986 Judgment entered in the state of Michigan, District Court for the 46th Judicial District. See Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit 1. The Judgment as entered by the Michigan Court was for $334.13, plus $7,807.71 for mediation sanctions and actual attorney's fees, for a total Judgment of $8,141.84.[1] Defendant does not contest the amount of the Judgment totaling $334.13; rather, he claims that the award of $7,807.71 for mediation sanctions and attorney's fees is not entitled to recognition in the Virgin Islands. Additionally, defendant claims that he has already paid

---

[1] Michigan Court Rule 2.403 states that, in certain situations, a party who rejects a mediation evaluation will be called upon to pay the opposing party's "actual costs." See, e.g., Giannetti Bros. Constr. Co., Inc. v. City of Pontiac, 175 Mich. App. 442, 438 N.W.2d 313, 315, appeal denied, 432 Mich. 914, 444 N.W. 523 (1989). Though not clear from the Judgment entered by the Michigan court, it appears that the mediation sanctions referred to were imposed pursuant to Rule 2.403 or its predecessor in effect in 1986, Michigan General Court Rule 1963.

$1,000.00 of the Judgment by way of a January 6, 1988 garnishment previously executed. See Defendant's Response to Motion for Summary Judgment, Exhibit A. Plaintiff has stipulated that defendant is entitled to a $1,000.00 credit due to the prior garnishment. See Plaintiff's Reply to Defendant's Response to Summary Judgment at 3. Plaintiff's complaint, which was actually a counter-complaint, was filed on January 10, 1983. See Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit 2.

## II. DISCUSSION

### A. JURISDICTION

Preliminarily, the court notes that plaintiff has pleaded in his complaint that this court has jurisdiction pursuant to 48 U.S.C.A. § 1612(a) (1987) and 28 U.S.C. § 1332 (West Supp. 1990). However, this court is not sitting in its capacity as a District Court of the United States pursuant to 48 U.S.C.A. § 1612(a) or in its capacity to hear diversity cases pursuant to 28 U.S.C.A. § 1332.[2] Plaintiff's action, is more properly characterized as a common law action to collect on a foreign judgment or debt. Thus, this court has jurisdiction pursuant to 48 U.S.C.A. § 1612(b), the statute section granting this court general original jurisdiction over all causes whose jurisdiction was not previously vested in the Territorial Court. See also V.I. Code Ann. tit. 4, § 32 (Supp. 1989).

### B. RECOGNITION OF JUDGMENT

In opposition to plaintiff's motion, defendant claims that this court should reevaluate the amount of mediation sanctions and attorney's fees included in the Michigan Court's Judgment. In an attempt to support his argument, defendant quotes the Restatement (Second) of Conflicts of Laws § 101 & comment (c) (1971) which state:

---

[2] Although the Michigan Judgment is entitled to full faith and credit as discussed in section II. B of this Memorandum, neither the full faith and credit clause of the Constitution, Art. IV, § 1, nor its statutory counterparts, 28 U.S.C.A. § 1738 and 48 U.S.C.A. § 1561, provide a separate basis for jurisdiction. "Rather, the clause 'only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the . . . judicial proceedings of a State other than that in which the court is sitting.'" Thompson v. Thompson, 484 U.S. 174, 182–83, 108 S. Ct. 513, 518 (1988) (quoting Minnesota v. Northern Sec. Co., 194 U.S. 48, 72 (1904)).

A valid judgment for the payment of money will be enforced in other states only in the amount for which it is enforceable in the state where it was rendered.

    c. Costs and other expenses of litigation incurred in the suit upon the first judgment in the second state are allowed in accordance with the law of the second state.

Id. Defendant argues that pursuant to this section, particularly comment c, this court may review the award of costs and attorney's fees included in the Michigan Judgment. A cursory reading of the Restatement's language quoted above, however, makes clear that defendant's argument is without merit. It is not the costs assessed in the first judgment which are allowed in accordance with the law of the second forum. Rather, it is the costs incurred in the second forum collecting on the judgment previously entered which are allowed in accordance with the law of the second forum. Nowhere in the Restatement is there authority or support for defendant's argument.

    ■   The Michigan Judgment is entitled to full faith and credit under U.S. Const. Art. IV, § 1 as applied to the federal courts by 28 U.S.C.A. § 1738 (1966)[3], and specifically to the Virgin Islands by 48 U.S.C.A. § 1561 (1987).[4] See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 80–81 (1984). As stated by the Supreme Court in Migra, "It is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Id. at 81. See also Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). According full faith and credit to the state court judgment precludes any inquiry by this court into the merits of the cause of action, the legal consistency of the decision, or the validity of the legal principles upon which the Michigan Judgment is based

---

[3] 28 U.S.C.A. § 1738 extended the full faith and credit provision of the U.S. Const. Art. IV, § 1 to all courts, federal as well as state and indicated an intent to unify all courts in our system of government. See Allen v. McCurry, 449 U.S. 90, 96 (1980); Americana of Puerto Rico, Inc. v. Kaplus, 368 F.2d 431, 438 (3d Cir. 1966), cert. denied, 386 U.S. 943 (1967).

[4] 48 U.S.C.A. § 1561 provides in relevant part:

    The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: . . . article IV, section 1 . . . .

unless it can be shown that there was a lack of personal or subject matter jurisdiction of the rendering court, fraud in procurement of the judgment, satisfaction, lack of due process or other grounds that make the judgment invalid or unenforceable. Baldwin v. Heinold Commodities, Inc., 363 N.W.2d 191, 194 (S.D. 1985); Estate of Pettit v. Levine, 657 S.W.2d 636, 640–41 (Mo. App. 1983). See also Bredin v. Bredin, 140 F. Supp. 132, 134 (D.V.I. 1956) (citations omitted).

■ In the instant case, defendant has stated that he does not deny the validity in the Virgin Islands of the principal amount of $334.13 awarded in the Michigan judgment. Defendant challenges only that portion of the judgment awarding mediation sanctions and attorney's fees. However, as discussed above, this court may not disturb the Michigan court's determination in that regard. Consequently, plaintiff's motion for summary judgment will be granted insofar as he moves for recognition and localization of the amount of $8,141.84 as the amount of the Judgment.

## C. INTEREST ON JUDGMENT

Plaintiff also seeks an award of interest on the judgment. Plaintiff asserts that this court should apply Michigan law and award 12% interest from January 10, 1983, the date plaintiff's claim against defendant was filed. Defendant did not address the issue of interest raised by plaintiff.

■ The matter of what interest to award is substantive and consequently is governed by the laws of the state which rendered the judgment. See, e.g., Slade v. Slade, 81 N.M. 462, 468 P.2d 627, 631 (1970) (citations omitted). Therefore, this court looks to Michigan law to determine whether, and at what rate, to apply interest to the Michigan Judgment.

The relevant Michigan statute relating to awarding interest on judgments is Mich. Comp. Laws § 600.6013 (1987), which states in pertinent part:

(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section . . . .

. . . .

(4) For complaints filed on or after June 1, 1980, but before January 1, 1987, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually unless the judgment

is rendered on a written instrument having a higher rate of interest.

Id. "The purpose of an award of interest under the statute is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages." McDaniel v. Macomb County Bd. of Rd. Comm'rs, 169 Mich. App. 474, 426 N.W.2d 747, 749 (1988) (citation omitted), appeal denied, 432 Mich. 888 (1989). See also Wood v. Detroit Auto. Inter-Insurance Exch., 413 Mich. 573, 321 N.W. 2d 653, 662 n. 17 (1982). This statute is remedial in nature and is to be liberally construed in order to effectuate its purpose. Mich. Comp. Laws § 600.102 (1989). See American Anodco, Inc. v. Reynolds Metals Co., 572 F. Supp. 895, 896 (W.D. Mich. 1983) (construing Michigan law and citing Denham v. Bedford, 407 Mich. 517, 287 N.W.2d 168 (1980)), aff'd, 743 F.2d 417 (6th Cir. 1984). But see Schwartz v. Piper Aircraft Corp., 90 Mich. App. 317, 282 N.W.2d 306, 308 (1979).

Although plaintiff requests that this court grant him prejudgment interest on the entire $8,141.84 from the date the counter-complaint was filed, the matter is not so easily resolved. To resolve the issue this court will look to Michigan law. Interest after damages are awarded on a counter-complaint runs from the date of the filing of the counter-complaint. Goodwin, Inc. v. Coe, 62 Mich. App. 405, 233 N.W.2d 598, 603 (1975). The question this court confronts, however, is whether prejudgment interest should be granted on the amount of mediation sanctions and attorney's fees imposed by the Michigan court. The parties have not addressed this issue in their briefs. Plaintiff argues that prejudgment interest on the entire amount of the judgment should be allowed, though he does not address the specific issue of whether interest should be awarded on entire amount of the Judgment, or on only the $334.13. Plaintiff cites no case law for his position. Defendant, on the other hand, has not even responded to the argument put forth by plaintiff. Thus, the court is not aided on this issue by the parties' briefs.

After examining the Michigan cases as discussed below, this court concludes that prejudgment interest should be awarded only on the award of $334.13, and not the award of mediation sanctions and attorney's fees. However, this court further concludes that interest on the entire amount of the judgment should be allowed from the date of Judgment, May 23, 1986, until January 6, 1988, the date on which the parties agree that defendant paid $1,000.00 of the Judgment by way

of a garnishment. Consequently, the principal on which post-judgment interest will be allowed shall be reduced by $1,000.00 as of January 6, 1988. Interest will be assessed at the Michigan statutory rate of 12%, compounded annually.

In the Michigan cases which are most similar factually to the case at bar, the courts have declined to allow prejudgment interest on an award of attorney's fees or mediation sanctions. See Giannetti Bros. Constr. Co., Inc. v. City of Pontiac, 175 Mich. App. 442, 438 N.W.2d 313, appeal denied, 432 Mich. 914, 444 N.W.2d 523 (1989); Harvey v. Gerber, 153 Mich. App. 528, 396 N.W.2d 470 (1986); City of Warren v. Dannis, 136 Mich. App. 528, 357 N.W.2d 731 (1984); Johnston v. Detroit Auto. Inter-Insurance Exch., 124 Mich. App. 212, 333 N.W.2d 517 (1983). Cf. Foremost Life Ins. Co. v. Waters, 125 Mich. App. 799, 337 N.W.2d 29 (1983) (interest allowed from date consent judgment entered into rather than date complaint filed because there was no detention of funds by defendant until consent judgment was entered into).

In Giannetti, the defendant sought reimbursement for costs and attorney's fees as mediation sanctions after both parties rejected the mediation award, the case proceeded to trial and the defendant prevailed. The trial court awarded costs and attorney's fees as mediation sanctions,[5] but refused to award interest pursuant to Mich. Comp. Laws § 600.6013, on the award. On appeal, the Michigan Court of Appeals affirmed and stated:

> Defendant . . . also claimed interest on all actual costs and attorney fees under [§ 600.6013]. We note that there is an apparent conflict among panels of this Court on the availability of such interest. In Harvey v. Gerber, this Court rejected a claim for interest, under [§ 600.6013], on taxable attorney fees, stating:
>
>> The prejudgment interest statute provides that "interest shall be allowed on a money judgments [sic]." [Mich. Comp. Laws] § 600.6013(1). The objectives of the prejudgment interest statute are to compensate the prevailing party for the loss of use of monies owed and to defray the cost of litigation. Attorney fees are taxable as costs. Applying the prejudgment interest statute to attorney fees is illogical in light of these policies.

---

[5] The sanctions were awarded pursuant to Michigan General Court Rule, GCR 1963, now Michigan Court Rule, MCR 2.403.

Where a statute or court rule awards attorney fees, the cost is sufficiently defrayed.

The same result was reached in City of Warren v. Dannis, wherein this Court held:

A money judgment is one which adjudges the payment of a sum of money as distinguished from directing an act to be done. This type of action for indemnification [of attorney's fees] has been characterized as an equitable action for reimbursement. . . . It was not an abuse of discretion for the trial court to find that the defendant really lost no use of the money as basically it was money due her attorneys for their fees and not money due the defendant.

On the other hand, in Wayne-Oakland Bank v. Brown Valley Farms, Inc., [170 Mich. App. 16, 428 N.W.2d 13 (1988)], the Court declined to follow Harvey and Dannis, supra, and found no abuse of discretion in the trial court's award of interest on costs and attorney fees.

We elect to follow the reasoning of Harvey and Dannis. Interest, under [§ 600.6013] may not be granted on an award of costs and attorney fees. Accordingly, we find no abuse of discretion in the trial court's denial of [defendant's] claim for interest.

Giannetti, 438 N.W.2d at 315–16 (citations and footnotes omitted). Similarly, in Johnston v. Detroit Auto. Inter-Insurance Exch., 124 Mich. App. 212, 333 N.W.2d 517, 518 (1983), an award of interest on costs and attorneys fees incurred by the plaintiff in the principal action was allowed from the date of judgment, not the date of the filing of plaintiff's complaint. Finally, this court does not find Wayne-Oakland, supra, to the contrary. In Wayne-Oakland, the third party defendant filed a motion to dismiss after the trial had begun. The trial court granted the motion and interest was allowed on an award of costs and attorney fees from the date of the judgment granting the third party defendant's motion. The court did not face the precise question of whether interest on an award of mediation sanctions and attorney fees should be granted from the date a complaint was filed or the date of judgment. Indeed, in Wayne-Oakland, the court simply

allowed the defendant to recover interest from the date of the judgment.[6]

■ Based on the Michigan case law, this court will not award prejudgment interest on the award of mediation sanctions and attorney's fees in the amount of $7,807.71.

## D. CALCULATION OF INTEREST

The relevant Michigan statute regarding interest on judgments states:

> (4) For complaints filed on or after June 1, 1980, but before January 1, 1987, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually unless the judgment is rendered on a written instrument having a higher rate of interest.

Mich. Comp. Laws § 600.6013. As the Michigan courts have explained,

> The difference between simple and compound interest is that simple interest does not merge with the principal and thus does not become part of the base on which future interest is calculated. The purpose of an award of interest under [§ 600.6013] is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. An award of interest under the statute is mandatory in cases to which the statute applies.

Stewart v. Isbell, 155 Mich. App. 65, 399 N.W.2d 440, 446 (1986) (citations omitted). Thus, the task remaining is to calculate the interest in accordance with Michigan law.

■ ■ From January 10, 1983, the date plaintiff filed his complaint, to and including May 22, 1986, prejudgment interest shall be awarded on $334.13 at the Michigan rate of 12%, compounded annu-

---

[6] Nor does this court find Wood v. Detroit Auto. Inter-Insurance Exch., 413 Mich. 573, 321 N.W.2d 653 (1982) controlling. In Wood, the Michigan Supreme Court upheld, inter alia, an award of prejudgment interest which included an award of attorney's fees. However, the court did not specifically have before it a challenge to an award of prejudgment interest on attorney's fees. The court was asked to determine the propriety of awarding both 12% interest on wage-loss benefits under the Michigan no-fault insurance act and 6% interest on the entire judgment. The court upheld the awarding of interest under both statutes. Wood, 321 N.W.2d at 661–62.

ally, for a total of $489.36. From May 23, 1986 to and including January 5, 1988, 12% interest compounded annually shall be awarded on the sum of the new base amount of $489.36, added to the $7,807.71 in mediation sanctions and attorney fees, resulting in a new total of $9,987.91 as of January 6, 1988. To reflect the January 6, 1988 garnishment of $1,000.00, the new total of $9,987.91 on which interest is to be calculated must be reduced by $1,000.00. The total amount of judgment and interest due as of December 31, 1989 is $11,256.62. From January 1, 1990 to the date of this Memorandum and Order, interest shall accrue at 12% on the $11,256.62, or $3.70 per day. From the date of this Memorandum and Order, simple interest shall accrue at the rate of 9%. See V.I. Code Ann. tit. 11, § 951 (1982).

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment will be granted. Interest will be awarded as set out above. An appropriate Order will be entered.

## ORDER

This matter having come before the court on plaintiff's motion for summary judgment to collect on a foreign judgment; and

The court having considered the submissions and arguments of counsel; and

For the reasons stated in this court's accompanying Memorandum;

IT IS on this 20th day of August, 1990 hereby

ORDERED and ADJUDGED that plaintiff's motion for summary judgment is GRANTED; and it is further

ORDERED that judgment for plaintiff shall be entered in the amount of $11,256.62, plus interest at the rate of 12% compounded annually, or $3.70 per day from January 1, 1990, until the date of this Order, and thereafter at the rate of 9% until the judgment is paid.