HARPER BUILDING COMPANY *v.* KAPLAN.

1. Contracts—Offer and Acceptance—Counter Offer.
    Any material departure in an acceptance from the terms of an offer invalidates the offer as made and results in a counter proposition, which, unless accepted, cannot be enforced.

2. Same—Offer and Acceptance—Counter Offer.
    An acceptance of an offer must be absolute and unconditional in order to be binding, for if conditions are attached or if it differs from the offer, the transaction amounts only to a proposal and a counter proposal.

3. Same—Offer—Modification in Acceptance.
    A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested.

---

References for Points in Headnotes
[1–3, 5] ·12 Am Jur, Contracts §§ 36, 53.

4. Same—Offeror's Acknowledgment of Receipt of Acceptance.

A mere acknowledgment by the offeror of the receipt of an acceptance does not constitute an acceptance of a counter offer.

5. Vendor and Purchaser—Contracts—Offer and Acceptance.

Plaintiff offeror's acknowledgment of receipt of vendor's acceptance of plaintiff's offer to purchase realty did not constitute a binding agreement to purchase and sell, where the offerees' acceptance was subject to their lessee's option to purchase the property within a specified time at the sale price plus real estate broker's commission.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 18, 1952. (Docket No. 53, Calendar No. 45,344.) Decided April 7, 1952.

Bill by Harper Building Company, a Michigan corporation, and another against Lawrence Kaplan and another to specifically enforce alleged contract to sell real estate. Decree for defendants on motion to dismiss. Plaintiffs appeal. Affirmed.

*Jack N. Tucker,* for plaintiffs.

*Arthur H. Rice* (*George Stone,* of counsel), for defendants.

Bushnell, J. Plaintiffs Harper Building Company, a Michigan corporation, and Jack N. Tucker, on July 25, 1951, offered to purchase certain real property from defendants Lawrence Kaplan and Harold L. Kaplan, trustees. This property is located on the southwest corner of Harper and Van Dyke in the city of Detroit. It has a frontage of 100 feet on Harper and 96.85 feet on Van Dyke. A 2-story and basement building located thereon contains 4 stores occupied by tenants, 1 of which is Cunningham Drug Stores, Inc.

Cunningham's lease, dated September 15, 1948, is for a term of 10 years, beginning July 1, 1951. Throughout the lease the property occupied is characterized both as the "described premises" and "demised premises." Cunningham also occupies the basement area under its store and additional basement area under other stores.

Paragraph 36 of this lease provides:

"Tenant shall have an option to purchase the demised premises at the same price and terms offered landlords by any bona fide purchaser and landlords shall give tenant notice in writing in the manner herein provided for of such offer and tenant shall have 30 days thereafter to accept or reject such offer."

Plaintiffs offered to purchase the property at a price of $300,000, subject to a mortgage on which there is an unpaid balance of $150,000. Paragraph 8 of the offer reads:

"Purchaser is entitled to possession at the time of closing, subject to rights of the following tenants: subject to leases outlined on 'Exhibit A' attached hereto."

The record does not clearly indicate which exhibit in the record is "Exhibit A, attached hereto."

Clause 12 of the offer states:

"Seller warrants that leases outlined in 'Exhibit A' heretofore attached are presently in effect, and payments are being made in accordance with the terms of such leases. Should the examination of such leases prove contrary to the terms herein represented, this offer shall become null and void and the deposit made in the sum of $7,500 returned to the buyer on demand."

Exhibit "A" is the Cunningham lease. It is obviously not the outline of leases. There are 2 exhibits

"B" in the record: One is the "offer to purchase," and the other is an outline of existing leases and income. The exhibit "B" which gives "location, size," and details regarding "tenants and income" must therefore be the exhibit "A" referred to in paragraphs 8 and 12 of the offer. Neither in the offer itself nor in the exhibit is there any recognition by plaintiffs of Cunningham's option right.

Upon receipt of the offer, defendants executed an "acceptance of offer" dated August 1, 1951, in the following terms:

"The foregoing offer is accepted in accordance with the terms stated subject to sellers' obligation to permit Cunningham Drug Co. to purchase above property within 30 days hereof for $310,000.

"By the execution of this instrument the seller acknowledges the receipt of a copy of this agreement."

On August 2, 1951, Tucker executed a "purchaser's receipt of accepted offer," reading: "The undersigned purchaser hereby acknowledges the receipt of the seller's signed acceptance of the foregoing offer to purchase."

Defendant Lawrence Kaplan (trustee) on August 9th advised Cunningham, in accordance with paragraph 36 of the lease, that the trustees had an offer to purchase the property for the sum of $310,000 or $300,000 net to them, and in addition, $10,000 commission to the broker. A reply was requested.

Cunningham advised defendant trustees on August 21st, in writing, that, under the option in its lease and in accordance with the notice received on August 10, 1951, and with the understanding that the offer included the entire premises, that it:

"Does hereby elect to exercise said option to purchase said land and building at the offered price of $310,000.

"Will you kindly furnish us with an abstract of title certified to date or a policy of title insurance covering said premises? If a marketable title is disclosed, the deal will be consummated by us at any time suitable to your convenience."

Plaintiffs filed a bill of complaint on September 4, 1951, seeking specific performance of their claimed agreement to purchase. They obtained an *ex parte* injunction restraining the sale of the property. Defendants' motion to dissolve the *ex parte* injunction and dismiss the bill of complaint was granted.

Plaintiffs' argument on appeal is directed to an interpretation of paragraph 36 of the lease, in the light of the terms of the offer and the claimed acceptance thereof. Defendants argue that plaintiffs did not have a valid and binding contract to purchase the property.

Defendants argue that their acceptance of plaintiffs' offer was in fact and in law a counter offer, because it contained an additional condition at variance with plaintiffs' offer. The added condition was the compliance by the seller with the option requirements of the Cunningham lease. The original offer did not contain any reference to Cunningham's option rights.

"Any material departure from the terms of an offer invalidates the offer as made and results in a counter proposition, which, unless accepted, cannot be enforced." *Carrollton Acceptance Co.* v. *Ruggles Motor Truck Co.*, 253 Mich 1, 5.

"The acceptance must be absolute and unconditional, and if conditions are attached or if it differs from the offer, the transaction amounts only to a proposal and a counter proposal." *Marshall Manfg. Co.* v. *Berrien County Package Co.*, 269 Mich 337, 339.

" 'In order that there may be a meeting of the minds which is essential to the formation of a contract, the acceptance of the offer must be substantially as made. There must be no variance between the acceptance and the offer. Accordingly a proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested.' " *Thomas* v. *Ledger,* 274 Mich 16, 21.

Plaintiffs' acknowledgment of the receipt of the acceptance did not constitute an acceptance of the counter offer. See *Spaulding* v. *Wyckoff,* 320 Mich 329. There is no binding agreement to purchase and sell.

The order dismissing plaintiffs' bill of complaint and dissolving the injunction is affirmed, with costs to appellees.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.