NYE v GABLE, NELSON & MURPHY

Docket No. 98738. Submitted March 2, 1988, at Lansing. Decided June 20, 1988. Leave to appeal applied for.

James Nye was represented by the law firm of Gable, Nelson & Murphy in the sale of a certain business. The purchaser of the business went bankrupt prior to full payment of the purchase price, and the purchaser's debt to Nye was discharged in bankruptcy. Nye commenced a legal malpractice action in Washtenaw Circuit Court against the law firm and the individual partners, Gordon E. Gable, James B. Nelson and John J. Murphy, alleging malpractice on the basis of defendants' failure to properly secure his interest as a creditor. Defendants moved for summary disposition on the basis of the running of the statutory period of limitation. Following a hearing on the motion, the trial court, Ross W. Campbell, Jr., J., granted summary disposition on the basis that there was no genuine issue of any material fact. Plaintiff's motion for reconsideration was denied on the basis that there was still no genuine issue of any material fact. Plaintiff appealed. Plaintiff's counsel did not secure a copy of the transcript of the hearing on the motion for summary disposition, but rather filed an affidavit that a transcript was unnecessary.

The Court of Appeals *held:*

The court rules provide that an appellant has the duty to secure a full transcript of testimony and other proceedings in the trial court unless relieved of that duty by court order or stipulation. Since it is unclear how the motion for summary disposition on the basis of the running of the period of limitation became a motion for summary disposition on the basis of no issue of material fact, it would be inappropriate for the Court of Appeals to conclude that the trial court erred in its disposition. A transcript of the motion hearing is necessary for any understanding of the question raised on appeal; accordingly, appellate review is impossible under these circumstances.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 397 *et seq.*

See the Index to Annotations under Appeal and Error.

APPEAL — TRANSCRIPTS — FAILURE TO FILE TRANSCRIPT.

>  The failure of a plaintiff in an appeal granting a defense motion for summary disposition to secure a transcript of the hearing on the motion will preclude appellate review where, in the absence of such transcript, it is impossible for the Court of Appeals to say that the trial court erred; a party seeking review by the Court of Appeals has the duty to file a full transcript of testimony and other proceedings unless excused from doing so by court order or by stipulation of the parties (MCR 7.210[A][1], 7.210[B][1]).

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Ronald A. Weglarz*), for plaintiff.

*Kerr, Russell & Weber* (by *James W. Seitz*), for defendants.

Before: SAWYER, P.J., and M. J. KELLY and J. J. RASHID,* JJ.

SAWYER, P.J. Plaintiff appeals from an order of summary disposition entered in favor of defendants on plaintiff's claim for legal malpractice. A number of procedural defects exist in this case, rendering appellate review difficult. However, for the reasons discussed below, we affirm.

Briefly, defendants represented plaintiff in a sale of a business to a former partner of plaintiff. The sale was for the amount of $267,000, to be paid in installments, and involved a transfer of stock in a corporation. The purchaser subsequently went bankrupt prior to full payment of the purchase price, and the purchaser's debt to plaintiff was discharged in bankruptcy. Plaintiff filed the instant malpractice claim, alleging that defendants committed malpractice by failing to properly secure his interest as a creditor in the shares of stock involved in the purchase transaction. Defendants moved for summary disposition pursuant to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCR 2.116(C)(7), arguing that the applicable period of limitation had expired. Following a hearing on the motion, the trial court granted summary disposition because "there is no genuine issue of any material fact." See MCR 2.116(C)(10). Thereafter, plaintiff moved for reconsideration, which was denied on the basis "that there still is no genuine issue of any material fact." Neither the order of summary disposition nor the order denying reconsideration makes any reference to the period of limitation or to the fact that the motion had been brought under MCR 2.116(C)(7) on the basis of the running of the period of limitation. To complicate matters, plaintiff has failed to secure the transcription of the record of the hearing on the motion for summary disposition, thus rendering it impossible for us to determine how the motion for summary disposition based upon the statute of limitations mysteriously turned into a motion for summary disposition for no genuine issue of material fact. We can only speculate that the trial court was of the opinion that there was no genuine issue of material fact relative to the date on which the period of limitation began to run.

Given plaintiff's failure to secure a transcript of the motion hearing, we are unable to review the trial court's decision to determine if it erred in concluding that the applicable period of limitation had run since, without the necessary transcript, we have no way of knowing the basis of the trial court's ruling. We believe it inappropriate to conclude that the trial court was wrong when we do not even know the trial court's reasoning or have benefit of reviewing the arguments made before the trial court at the motion hearing. See *Harvey v Gerber*, 153 Mich App 528, 530-531; 396 NW2d 470 (1986).

Because plaintiff filed with his claim of appeal

an affidavit which asserted that a transcript was unnecessary, a brief discussion of plaintiff's obligation to actually secure the transcript is in order. The record on appeal consists of, inter alia, "the transcript of any testimony or other proceedings in the case appealed." MCR 7.210(A)(1). Furthermore, the appellant has a duty to file with the trial court "the full transcript of testimony and other proceedings in the trial court," except as otherwise provided. MCR 7.210(B)(1)(a). In an appeal from an action in circuit court, the production of the full transcript of all proceedings is excused where a motion is brought in the trial court to order that less than a full transcript, or no transcript at all, be included in the record on appeal,[1] where the parties stipulate that a portion less than the full transcript, or no transcript at all, be filed[2] or where the parties agree to submit the appeal on stipulated facts without the procuring of a transcript, with the agreement being signed by both parties and filed in the trial court in lieu of the transcript of testimony.[3] Additionally, there are procedures to settle a record where a proceeding was transcribed by a court reporter, but the parties are unable to obtain a transcript from the reporter. MCR 7.210(B)(2). Notwithstanding these procedures, plaintiff did not employ any of the methods under MCR 7.210(B)(1) to excuse the filing of less than the full record on appeal, nor is there any indication that the transcript of the proceedings on the motion for summary disposition is unavailable. Rather, it appears that plaintiff erroneously believed that he was not obligated to order a transcript of the summary disposition hearing.

The affidavit filed by plaintiff's counsel, although

---

[1] MCR 7.210(B)(1)(c).

[2] MCR 7.210(B)(1)(d).

[3] MCR 7.210(B)(1)(e).

not citing to a court rule, appears to have been filed under the provisions of MCR 7.204(C)(2), which requires the filing of either a copy of the certificate of the court reporter that a transcript has been ordered or a statement by the attorney that there is no record to be transcribed. However, plaintiff's counsel erred, as discussed above, in his determination that there was no transcript to be ordered. The error appears to have arisen from counsel's mistaken belief as to which order was being appealed. The claim of appeal states that the appeal is from the order denying the motion for reconsideration of the grant of summary disposition.

In fact, a claim of appeal is taken from the final order, which in this case is the order granting summary disposition. See MCR 7.203(A). An order denying reconsideration is not a final order from which one may appeal as of right; rather, where a motion for reconsideration has been timely filed, as it was in the case at bar, a person may file his claim of appeal within twenty-one days after the entry of the order denying the motion, rather than twenty-one days after the final order from which one may appeal as of right. See MCR 7.204(A)(1)(a) and (b). Thus, the order denying reconsideration, albeit the *last* order in the file, is not the *final* order from which plaintiff may take an appeal as of right; its only significance for the purpose of the appeal being that, since the motion for reconsideration was timely filed, it serves as the triggering event for the twenty-one day period in which plaintiff could file his timely claim of appeal. Apparently, although plaintiff stated the wrong order in his claim of appeal, this Court accepted the appeal as if it had been claimed from the order of summary disposition, since it appears that the claim of appeal was in all other respects correct,

other than the labeling of the order being appealed.[4]

Apparently, plaintiff's counsel, believing that the order being appealed was the order denying the motion for reconsideration which had been submitted on briefs, filed the statement because there was no transcript from the motion for reconsideration and, therefore, believed that the transcript was unavailable. However, although this is true, that does not excuse plaintiff from producing the rest of the record, specifically the transcript on the motion for summary disposition. Indeed, even if plaintiff could properly bring an appeal as of right from the order denying the motion for reconsideration (which he could not), he would nevertheless be obliged to provide a transcript of all proceedings, including a transcript of the hearing on the motion for summary disposition. As discussed above, the obligation to produce a transcript of the proceedings below is not limited to a transcript of the proceedings on the specific order being appealed from. Rather, unless one is excused from producing the entire transcript under the provisions of MCR 7.210(B)(1), a transcript of all proceedings must be supplied, even where it does not appear that a particular transcript of a particular proceeding is directly relevant to the issues on appeal.[5]

---

[4] In fact, in addition to attaching a copy of the order denying reconsideration, plaintiff also attached a copy of the order of summary disposition to his claim of appeal, along with an affidavit setting forth the relevant dates which established the timeliness of his appeal. Thus, plaintiff did provide this Court with sufficient information to accept the filing of the appeal.

[5] Indeed, where a party believes that a transcript of certain proceedings, or of all of the proceedings, is irrelevant to the issues on appeal, he may seek to be excused from producing the full transcript under the provisions of MCR 7.210(B)(1). However, it is never sufficient for that party to merely file a statement that a transcript is unnecessary. As discussed above, a party is excused from producing

For the above reasons, we limit our review to what *is* presented on appeal and conclude that we are unpersuaded that the trial court erred in determining that the period of limitation had run. See *Harvey, supra.*

Affirmed. Defendants may tax costs.

---

the entire transcript only upon order of the court or by stipulation of the parties.