MYERS v JARNAC

Docket Nos. 117770, 118160. Submitted March 12, 1991, at Grand
Rapids. Decided May 20, 1991, at 10:25 ᴀ.ᴍ.

Dennis J. Myers brought a negligence action in the Cheboygan
Circuit Court against Robert H. and Sandee L. Jarnac. On
January 6, 1989, the plaintiff filed an "offer of judgment or
settlement" in the amount of $10,000. On January 18, 1989, the
defendants filed a document labeled an "offer," which did not
explicitly reject the plaintiff's offer and offered to settle for
$3,000. The plaintiff rejected, referring to the defendants'
"offer" as a "counteroffer." The matter proceeded to trial, and a
jury verdict was entered for the plaintiff. The court, Robert C.
Livo, J., entered a judgment for the plaintiff for $6,115.10 plus
interest and denied the plaintiff's motions for costs and attor-
ney fees under MCR 2.405 and for sanctions for the defendants'
alleged frivolous defenses and refusal to stipulate to facts. The
plaintiff's appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The trial court erred in finding that the plaintiff was obli-
gated to file a counteroffer to the defendants' January 18
"offer" in order to be entitled to costs and attorney fees under
MCR 2.405. The $3,000 "offer" made by the defendants on
January 18 was a counteroffer within the meaning of MCR
2.405. The plaintiff is entitled to an award of costs and fees if
the adjusted verdict exceeded the average offer of $6,500. The
case must be remanded for the trial court to make that deter-
mination and for an award of actual costs consistent with MCR
2.405(D) if warranted.

Affirmed in part, reversed in part, and remanded.

Jᴜᴅɢᴍᴇɴᴛs — Oғғᴇʀs ᴛᴏ Sᴛɪᴘᴜʟᴀᴛᴇ ᴛᴏ Eɴᴛʀʏ ᴏғ Jᴜᴅɢᴍᴇɴᴛ —
Cᴏᴜɴᴛᴇʀᴏғғᴇʀs — Cᴏsᴛs.

Where a party makes an "offer" within twenty-one days after the
service of an offer by the adverse party, the subsequent offer

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Costs §§ 21, 24.
See the Index to Annotations under Confession of Judgment; Costs
of Actions; Counteroffers; Judgments, Orders, and Decrees; Ten-
der.

constitutes a counteroffer for purposes of the court rule regarding offers to stipulate to entry of judgment, regardless of how the subsequent offer is labeled and whether it explicitly rejects the earlier offer; the party making the earlier offer is not obligated to make a counteroffer in order to preserve the right to receive actual costs and fees (MCR 2.405).

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald*), for the plaintiff.

*Bensinger & Cotant, P.C.* (by *James F. Pagels*), for the defendants.

Before: SHEPHERD, P.J., and SAWYER and REILLY, JJ.

SAWYER, J. A judgment was entered in favor of plaintiff in the amount of $6,115.10 plus statutory interest after a jury verdict in favor of plaintiff in the amount of $15,287.75 was reduced because of plaintiff's sixty percent comparative negligence. The trial court thereafter denied plaintiff's requests for the award of costs and attorney fees under MCR 2.405 and for sanctions for the defendants' alleged frivolous defenses and refusal to stipulate to facts. Plaintiff's appeals from those orders were consolidated by the Court of Appeals. We reverse in part.

Defendant Sandee Jarnac was operating a motor vehicle in plaintiff's driveway when she hit the gas pedal, causing the vehicle to lunge backwards, which in turn caused plaintiff to fall from where he was sitting on the running board and to be run over by the vehicle. Plaintiff suffered an injury as a result of the accident, and the instant litigation ensued.

During the course of litigation, the parties made four offers of judgment. On June 20, 1988, plaintiff filed his first offer of judgment in the amount of $22,500. Defendants apparently did not respond to

this offer, but on October 24, 1988, filed their own offer to settle the dispute for $1,500. These offers are not relevant to this appeal. Two subsequent offers, however, are relevant. Namely, on January 6, 1989, plaintiff filed another offer of judgment, dated January 5, 1989, offering to settle the matter for $10,000. Within twenty-one days, on January 18, 1989, defendants filed a document dated January 16, 1989, and entitled "offer of judgment" which offered to settle the matter for $3,000. Plaintiff shortly thereafter rejected this offer, which plaintiff's written rejection referred to as a "counteroffer." The matter then proceeded to trial, resulting in the jury verdict in favor of plaintiff.

Following trial, plaintiff moved for an award of fees and costs pursuant to MCR 2.405(D) on the basis that the adjusted verdict was more favorable to plaintiff than the average offer. See MCR 2.405(D)(1). The trial court denied the motion, ruling that plaintiff had failed to make a counteroffer to defendants' last offer and, therefore, was not entitled to an award of fees and costs under the court rule. See MCR 2.405(D)(2). Thus, the question to be answered on appeal is whether plaintiff was obligated to file a counteroffer to defendants' January 18 offer of $3,000. For the reasons to be discussed below, we conclude that plaintiff was not so obligated.

MCR 2.405 provided, at the time relevant to this case,[1] in pertinent part as follows:

> (A) Definitions. As used in this rule:
> (1) "Offer" means a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest

---

[1] The rule has been subsequently amended, though the amendment would not materially affect the analysis of this case.

then accrued. If a party has made more than one offer, the most recent offer controls for the purposes of this rule.

(2) "Counteroffer" means a written reply to an offer in which a party rejects an offer of the adverse party and makes his or her own offer.

(3) "Average offer" means the sum of an offer and a counteroffer, divided by two. If no counteroffer is made, the offer shall be used as the average offer.

\* \* \*

(5) "Adjusted verdict" means the verdict plus interest and costs from the filing of the complaint through the date of the offer.

\* \* \*

(B) Offer. Until 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.

(C) Acceptance or Rejection of Offer.

(1) To accept, the adverse party, within 21 days after service of the offer, must serve on the other parties a written notice of agreement to stipulate to the entry of the judgment offered, and file the offer, the notice of acceptance, and proof of service of the notice with the court. The court shall enter a judgment according to the terms of the stipulation.

(2) An offer is rejected if the offeree

(a) expressly rejects it in writing, or

(b) does not accept it as provided by subrule (C) (1).

A rejection does not preclude a later offer by either party.

(3) A counteroffer may be accepted or rejected in the same manner as an offer.

Plaintiff takes the position that defendants' $3,000 offer on January 18 constituted a counteroffer under the rule and, because the adjusted verdict

was more than the average offer, plaintiff is entitled to an award of costs and fees under the court rule. Defendants take the position, however, that their $3,000 offer on January 18 was not a counteroffer, because it was labeled an "offer" and not a "counteroffer" and because it did not explicitly reject plaintiff's offer of January 6, and, therefore, that plaintiff is not entitled to an award of costs and fees because plaintiff failed to make a counteroffer as required under MCR 2.405(D)(2). We agree with plaintiff that the $3,000 "offer" made by defendants on January 18 constitutes a counteroffer within the meaning of the court rule and, therefore, plaintiff is entitled to an award of costs and fees if the adjusted verdict was more than the average offer.

While the issue presented in this case appears to be one of first impression, this issue was discussed in 2 Martin, Dean & Webster, Michigan Court Rules Practice, pp 451-452:

> A "counteroffer" is a written reply to an offer in which the party rejects the offer of the other party and makes his or her own offer of settlement. Though the rule is not explicit on point, a written reply to an offer which fails to accept the offer made, and proposes settlement in a different amount, would satisfy the definition of a "counteroffer" even though the written reply does not expressly reject the offer made.

Martin, Dean & Webster reiterates this observation later in the commentary:

> An offer or counteroffer may be rejected by; (1) expressly rejecting it in writing; (2) not accepting it as provided in rule 2.405(C)(1); and (3) by replying to the offer or counteroffer with a different offer or counteroffer. The last means of rejecting an offer or counteroffer is not stated in the rule.

> As discussed in point 1a, supra, this is the intent
> of the rule, and the rule does operate in accor-
> dance with basic contract principles. In addition,
> the rule specifically provides that failure to accept
> an offer constitutes rejection of it, but that this
> rejection does not preclude a later offer by either
> party. [*Id.* at 454-455.]

We agree that the interpretation of the term
"counteroffer" as proposed by plaintiff and dis-
cussed in Martin, Dean & Webster presents the
most rational view of this issue. First, this inter-
pretation is consistent with the basic principle of
contract law that a response to an offer which
contains terms different than that proposed in the
offer constitutes a rejection of the offer and the
creation of a counteroffer. See *Harper Building Co
v Kaplan,* 332 Mich 651, 655-656; 52 NW2d 536
(1952).

Second, this interpretation is consistent with the
rational view of what occurred. That is, defen-
dants, by offering to settle for $3,000, clearly, if
not explicitly, rejected plaintiff's offer to settle for
$10,000. Thus, from a practical view, defendants'
January 18 offer to settle for $3,000 constitutes a
counteroffer as defined in MCR 2.405(A)(2), because
it is a written reply, it implicitly rejects an offer of
the adverse party (plaintiff), and makes defen-
dants' own offer.

Third, there is no rational reason to accept
defendants' interpretation of the court rules. Court
rules are to be interpreted to secure the just,
speedy, and economical determination of every
action. MCR 1.105. Defendants seek to prevail
solely because of the fact that defendants' January
18 "offer" failed to make explicit that which was
implicit in the document: that plaintiff's earlier
offer was rejected and that defendants were mak-
ing a counteroffer. Had defendants labeled their

January 18 document a "counteroffer" and had defendants explicitly stated in the text of that document that it was rejecting plaintiff's earlier offer to settle for $10,000, there would be no dispute that plaintiff would be entitled to recover actual costs and fees if the jury verdict was more than the average offer. To reward defendants for having the foresight, or perhaps even through happenstance, to have labeled their document an "offer" rather than a "counteroffer" and for refraining from explicitly rejecting plaintiff's earlier offer would not be consistent with the purpose behind MCR 2.405 to encourage the settlement of claims without trial or the more general directive in MCR 1.105 to interpret the court rules to secure the just, speedy, and economical determination of every action.

Fourth, even if we were to accept defendants' construction of the rule in this case, a party in plaintiff's position in future cases could easily avoid the trap set by defendants in this case. That is, even under defendants' interpretation of the court rule, plaintiff could have filed a "counteroffer" in the same amount as its earlier "offer," namely $10,000. Nothing new would have been achieved nor any progress made toward settlement of this matter, yet plaintiff would have preserved his right to receive an award of actual costs and fees if the verdict ultimately returned exceeded the average offer, which would be identical to the average offer between plaintiff's earlier offer and defendants' responsive offer. All that would be achieved is the creation of additional paperwork. Such a requirement is simply absurd.

For the above reasons, we conclude that where, as here, a party makes an "offer" within twenty-one days after the service of an offer by the adverse party, that subsequent "offer" constitutes,

for purposes of MCR 2.405, a counteroffer regardless of how that subsequent "offer" is labeled and whether it explicitly rejects the earlier offer. Thus, the party making the earlier offer is not obligated to make a counteroffer in order to preserve the right to receive actual costs and fees.

Accordingly, we conclude that plaintiff was, in fact, entitled to recover actual costs, including attorney fees, under MCR 2.405 if the adjusted verdict exceeded the "average offer." The average offer in this case was $6,500 (the average of $10,000 and $3,000). The adjusted verdict was $6,115.10 plus interest and costs. Plaintiff's brief on appeal represents that the interest and costs would be sufficient to raise the adjusted verdict above $6,500, thus entitling plaintiff to the recovery of actual costs under the court rule. Defendants do not contest this representation. However, because the trial court made no finding of fact on this issue, we leave it to the trial court in the first instance to determine whether the adjusted verdict did exceed the average offer and, therefore, entitled plaintiff to actual costs, including attorney fees. However, if the trial court does find that the adjusted verdict did exceed the average offer, the trial court shall make an award of actual costs consistent with MCR 2.405(D).

Plaintiff also argues on appeal that the trial court erred in denying plaintiff costs pursuant to MCL 600.2591; MSA 27A.2591, MCR 2.114(E), (F), MCR 2.625(A)(2), and MCR 2.313(C). Specifically, plaintiff argues that he is entitled to recover costs because defendants frivolously denied negligence and because defendants refused to admit facts which plaintiff was later able to prove at trial. However, we decline to address the merits of plaintiff's argument because plaintiff has failed to secure a transcript of all of the proceedings in the

trial court, specifically a transcript of the trial itself.

This Court explained in great detail in *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 414; 425 NW2d 797 (1988), the appellant's obligation to secure the complete transcript of all proceedings in the lower court unless production of the full transcript is excused by order of the trial court or by stipulation of the parties. A party may not unilaterally make the determination that less than the full transcript of all proceedings is required for the appeal. If the appellant believes that less than the complete transcript is required for the appeal, he may seek to be excused from producing the full transcript under the provisions of MCR 7.210(B)(1). *Id.* at 416, n 5.

There is no indication that plaintiff was excused from producing the full transcript of all proceedings, and plaintiff has not produced the full transcript of all proceedings, despite the fact that defendants pointed out this deficiency in their brief on appeal. Plaintiff's failure to comply with the court rules in this respect cannot be excused. Because any determination of the frivolousness of the defenses raised by defendants and whether defendants improperly refused to stipulate to the facts contained in plaintiff's request to stipulate would necessitate a review of the evidence actually presented at trial and because that transcript has not been procured for our review, we refuse to conclude that the trial court erred in its disposition of this issue. *Id.,* at 413.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither side having prevailed in full.