# STATE OF MICHIGAN

# COURT OF APPEALS

BRIAN WARREN,

        Plaintiff-Appellant,

v

DAVID L. BARNETT and JOHN A. HALLACY,

        Defendants-Appellees.

UNPUBLISHED
December 14, 2017

No. 335192
Calhoun Circuit Court
LC No. 2016-000864-CZ

Before: MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Brian Warren appeals as of right the order granting summary disposition to defendants David L. Barnett and John A. Hallacy. For the reasons explained in this opinion, we affirm.

The present case is a civil action arising out of plaintiff's 1995 criminal trial. Hallacy was the prosecutor involved in plaintiff's criminal case, and Barnett was plaintiff's defense counsel. A jury convicted plaintiff of first-degree felony murder, MCL 750.316; two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(c); first-degree home invasion, MCL 750.110a(2); assault and battery, MCL 750.81; kidnapping, MCL 750.349; and the unlawful driving away of a motor vehicle, MCL 750.413. Plaintiff's conviction of first-degree home invasion was later vacated by the trial court because it had served as the underlying felony for plaintiff's felony-murder conviction. Both this Court and the Michigan Supreme Court later affirmed plaintiff's convictions. See *People v Warren*, 228 Mich App 336; 578 NW2d 692 (1998), aff'd in part and reversed in part 462 Mich 415; 615 NW2d 691 (2000). Plaintiff is currently serving a life sentence without the possibility of parole.

Following the Supreme Court's opinion affirming his convictions, plaintiff repeatedly and unsuccessfully sought to challenge his convictions by filing a variety of motions and lawsuits, including several motions for relief from judgment, civil actions, and petitions in federal court for a writ of habeas corpus.[1] Most recently, in March of 2016, plaintiff filed the

---

[1] See generally *Warren v Jackson*, unpublished opinion of the United States District Court, E.D. Michigan, issued April 30, 2013 (No. 13-10826); *Warren v Mich Dep't of Corr*, unpublished

-1-

current civil suit against Barnett seeking a "[d]eclaration that Defendant Barnett's conduct, failure to act, and practices administered" in his criminal case were "[u]nconstitutional and [u]nlawful" and seeking "some form of [m]andatory [i]njunctive [r]elief prohibiting [Barnett's] [u]nconstitutional conduct from continuing to cause Plaintiff harm." Plaintiff later amended his complaint to add Hallacy as a defendant. Plaintiff alleged that the statutory spousal privilege was unconstitutional as applied to plaintiff during his criminal prosecution by Hallacy. Plaintiff maintained that he was entitled to relief under 42 USC 1983 and MCR 2.605.

Since plaintiff's criminal case in 1995, Hallacy has become a Calhoun Circuit judge, and he was the judge assigned to plaintiff's civil case. After plaintiff added Hallacy as a party, Hallacy disqualified himself and the case was reassigned to Judge Sarah Soules Lincoln.

Both defendants later moved for summary disposition, arguing that plaintiff's suit was an improper collateral attack on his criminal convictions. Defendants also argued that plaintiff should be sanctioned because the action was frivolous and plaintiff had a history of filing frivolous actions. The trial court granted defendants' motion for summary disposition "for the reasons stated on the record in open court" on June 20, 2016. The order granting summary disposition also states that plaintiff's complaint was frivolous and that sanctions against plaintiff were appropriate. Specifically, the order states:

> **IT IS FURTHER ORDERED** that . . . the Court finds the Plaintiff's complaint to be frivolous and sanctions against Plaintiff would be appropriate. Accordingly, the Court Clerk is ordered to provide to the Court copies of all future pleading[s] filed by Plaintiff so the Court may determine if they will be accepted for filing. The Court denies, without prejudice, Defendant Hallacy's request for a monetary sanction.

According to documents presented by plaintiff on appeal, plaintiff subsequently sought to amend his complaint, and the trial court rejected plaintiff's filings. Plaintiff's attempted filings were returned to him, accompanied by a letter stating that "[u]pon review of said pleadings, Judge Sarah S. Lincoln has determined them to be improperly filed."

On appeal, plaintiff argues that by refusing to allow plaintiff to a file a motion to amend his complaint, the trial court violated MCR 2.116(I)(5) and denied plaintiff access to the courts. However, plaintiff has waived this issue by failing to provide an appropriate record for our review. See *Reed v Reed*, 265 Mich App 131, 160-161; 693 NW2d 825 (2005). That is, MCR 7.210(B)(1)(a) requires plaintiff, as the appellant in this case, to secure the filing of the transcript for our review. Yet, plaintiff failed to obtain the transcript of the June 20, 2016 hearing relating to the grant of summary disposition to defendants and the imposition of pre-filing restrictions on plaintiff as a sanction for his frivolous claims. On August 1, 2017, this Court notified plaintiff that he had failed to file the transcript, and this Court informed plaintiff that, if he did not file the transcript, this issue may be deemed waived. On August 29, 2017, a second letter was sent to

---

opinion of the United States District Court, W.D. Michigan, issued October 4, 2005 (No. 1:05-CV-652).

plaintiff giving him an additional 14 days to respond. Plaintiff responded on September 8, 2017, indicating that he was not required to file the transcript because his claims did "not involve the hearing but are jurisdictional." However, plaintiff cannot "unilaterally make the determination that less than the full transcript of all proceedings is required for the appeal."[2] *Myers v Jarnac*, 189 Mich App 436, 444; 474 NW2d 302 (1991). "If the appellant believes that less than the complete transcript is required for the appeal, he may seek to be excused from producing the full transcript under the provisions of MCR 7.210(B)(1)." *Myers*, 189 Mich App at 444. But, plaintiff has made no effort to be excused from producing the transcript. There is no stipulation between the parties that the transcript will not be filed, MCR 7.210(B)(1)(d), and plaintiff failed to move the trial court for an order allowing him to file less than the full record on appeal under MCR 7.210(B)(1)(c). In appealing to this Court, plaintiff was required to comply with the court rules, and his failure to do so, particularly when he had been notified of the deficiency, cannot be excused. Because any determination of plaintiff's claims would require a review of the summary disposition hearing transcript, and because plaintiff has failed to produce this transcript for review, we cannot conclude that the trial court erred.[3] *Myers*, 189 Mich App at 443-444; *Nye*, 169 Mich App at 413.

---

[2] We disagree with plaintiff's assertion that his claims do not implicate the hearing. The trial court granted summary disposition for the "reasons stated on the record in open court" at the hearing. In the same order, the trial court also determined that plaintiff's claims were frivolous and to sanction this frivolous conduct, the court imposed a filing restriction to prevent plaintiff from bringing additional frivolous claims. Plaintiff now claims that the trial court has improperly denied him access to the courts and violated MCR 2.116(I)(5). However, amendment of a complaint under MCR 2.116(I)(5) is only appropriate when summary disposition is granted under MCR 2.116(C)(8), (9), or (10). In moving for summary disposition, defendants relied on MCR 2.116(C)(4), (7), (8), and (10), and thus the hearing transcript would be required to determine under which provision the trial court granted summary disposition. Cf. *Nye v Gable, Nelson & Murphy*, 169 Mich App 411, 413; 425 NW2d 797 (1988). Moreover, amendment under MCR 2.116(I)(5) is not justified if amendment would be futile, *Liggett Rest Group, Inc v City of Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2003), and the hearing transcript could be relevant to the question of futility. Finally, it appears that the trial court rejected plaintiff's latest filings based on the pre-filing restrictions imposed by the trial court as a sanction for plaintiff's frivolous conduct. See *Ortman v Thomas*, 99 F3d 807, 811 (CA 6 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Tripati v Beaman*, 878 F2d 351, 353 (CA 10 1989) ("[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."). Insofar as plaintiff's asserts that he has been denied the right to access the courts, his argument implicates these pre-filing restrictions and the hearing transcript relating to the trial court's decision to impose these sanctions is necessary for our review.

[3] On appeal, plaintiff's arguments are somewhat difficult to follow. Aside from challenges to the trial court's decision, he appears to argue that, under MCR 7.216(A)(7), this Court should independently review his convictions and declare that he is actually innocent. Rather than detail

Plaintiff next argues that the reassignment of the case from Hallacy to Judge Lincoln violated MCR 8.111(C)'s procedural requirements and that Judge Lincoln should have been disqualified from hearing the case. We disagree.

Plaintiff's claims are unpreserved because he failed to file a motion for disqualification in the trial court. See MCR 2.003(D); *In re Contempt of Henry*, 282 Mich App 656, 679; 765 NW2d 44 (2009). Because plaintiff's claims are unpreserved, our review is for plain error. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Accordingly, plaintiff may only obtain relief if "(1) error . . . occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). However, a judge is presumed to be impartial, and the party seeking disqualification "must overcome a heavy presumption of judicial impartiality." *Van Buren Twp v Garter Belt Inc*, 258 Mich App 594, 598; 673 NW2d 111 (2003). MCR 2.003(C)(1) provides a non-exhaustive list of reasons for judicial disqualification, none of which apply in this case.

Plaintiff first argues that Judge Lincoln was not assigned by lot or local administrative order pursuant to MCR 8.111(C)(1). Instead, according to plaintiff, Judge Hallacy somehow improperly arranged to have the case assigned to Judge Lincoln. Contrary to plaintiff's unfounded accusations, the "Internal Reassignment Request" plainly states that Judge Lincoln "has been chosen by lot or local administrative order from the judges not disqualified in this case." The request was signed by a "court administrator or court clerk" and approved by Judge Michael L. Jaconette. Given the language in the reassignment request, plaintiff has not shown a violation of MCR 8.111(C)(1) and he has not shown plain error.

Plaintiff also contends that Judge Lincoln should have been disqualified because she was biased or there was an appearance of impropriety. See MCR 2.003(C)(1). In support of this argument, plaintiff cites instances where Judge Lincoln ruled against him, such as imposing pre-filing restrictions, and he maintains it was improper for Judge Lincoln to assign the drafting of the order granting summary disposition to Hallacy. To the extent Hallacy prepared a proposed order, Hallacy was a party to the action and, under MCR 2.602, a party may prepare a proposed order. More generally, "judicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001) (citation and quotation marks omitted). Plaintiff has not shown such deep-seated favoritism or antagonism.

---

the myriad procedural and substantive deficiencies in this argument, we simply note that defendant failed to include this issue in his statement of the questions presented. As such, this issue is not properly before us and it need not be considered. See MCR 7.212(C)(5); *People v Albers*, 258 Mich App 578, 584; 672 NW2d 336 (2003).

Finally, plaintiff argues that Judge Lincoln should have been disqualified because she served as an assistant prosecuting attorney under Hallacy's supervision. Plaintiff has provided no evidence to support his claim that Judge Lincoln was a prosecutor under Hallacy's supervision and, even if Judge Lincoln was formerly a prosecutor, there is absolutely no evidence that Judge Lincoln had any involvement in plaintiff's criminal prosecution. On this record, Judge Lincoln is not disqualified merely because she may have once been a prosecutor. See *Van Buren Twp*, 258 Mich App at 601; *People v Williams*, 198 Mich App 537, 544; 499 NW2d 404 (1993).

Overall, none of plaintiff's arguments demonstrate that Judge Lincoln should have been disqualified under the court rules or the due process clause. See MCR 2.003(C)(1); *Caperton v Massey*, 556 S 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009). Plaintiff has not shown plain error, and he is not entitled to relief.

Affirmed.

/s/ Jane E. Markey
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause